JUDGE NATHAN

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

14 CV 0367

| | |
|---|---|
| HEIDRICK & STRUGGLES INTERNATIONAL INC., | Civil Action No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| KEITH DEUSSING, | JURY TRIAL DEMANDED AS TO ALL ISSUES TRIABLE BY JURY |
| Defendant. | |

Heidrick & Struggles International, Inc., ("Heidrick & Struggles" or the "Company"), by its attorneys, Jones Day, for its Complaint against Keith Deussing ("Mr. Deussing" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against former employee, Mr. Deussing, for breach of contract and violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.*, based on his permanent deletion of the Company's records from the Company's computer system.

2. Mr. Deussing, hired by Plaintiff in 2008, executed a written employment agreement (the "Agreement") whereby he promised to, among other things, agree to return to the Company all Company property including, but not limited to, computers, electronic communication devices, and all materials created by him during his employment. A copy of the May 23, 2008 Agreement is attached hereto as Ex. A.

3. Nonetheless, in conjunction with his resignation from his employment and following his acceptance of a position with a Korn Ferry, a direct competitor of Heidrick &

Struggles, Mr. Deussing intentionally deleted Company records from his Company-issued computer, breaching the Agreement and violating the CFAA.

## PARTIES

4. Heidrick & Struggles International, Inc., is a Delaware corporation engaged in executive search and leadership consulting services, with its principal place of business at 233 South Wacker Drive, Suite 4200, Chicago, Illinois, 60606 and offices throughout the United States, including in New York, New York.

5. Upon information and belief, Mr. Deussing is an individual who resides at 411 South State Street, Newtown, Pennsylvania, 18940.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1030(g).

7. This Court has supplemental jurisdiction over the Company's breach of contract action because it forms part of the same case or controversy as the Company's Computer Fraud and Abuse Act action.

8. Jurisdiction is also proper because, pursuant to Mr. Deussing's Agreement, Mr. Deussing and the Company have agreed to submit "to the exclusive jurisdiction" of the "courts located in New York City, New York[.]"  Ex. A ¶ 12(b).

9. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because, for the initial period of his employment with the Company, Mr. Deussing was based out of the Company's offices in New York, New York.

10. Venue also properly lies in this Court because, pursuant to Mr. Deussing's Agreement, Mr. Deussing and the Company have agreed that actions "arising out of or relating

to" Mr. Deussing's Agreement "shall be brought in the federal and state courts located in New York City, New York[.]"  Ex. A ¶ 12(b).

## FACTS

11.  As the premier professional services firm, Heidrick & Struggles has pioneered the fields of executive search and leadership consulting, providing top organizations around the world with integrated solutions for all of their leadership talent needs.

12.  In or about May 2008, as part of an asset purchase agreement under which the Company acquired Mr. Deussing's former employer, Heidrick & Struggles hired Mr. Deussing as an employee of the Company.  On May 23, 2008, in conjunction with his acceptance of employment with the Company, Mr. Deussing signed the Agreement, in which he agreed that, upon termination of his employment, he would "return to the Company, all Company property, including all materials furnished to [him] during [his] employment [ ] including but not limited to . . . computers . . . electronic communication devices . . . and all materials created by [him] during [his] employment."

13.  The Agreement also contains forum selection and personal jurisdiction clauses, whereby both Mr. Deussing and Heidrick & Struggles agreed that claims arising out of or related to the employment agreement would be brought in "the federal and state courts located in New York City, NY," as well as that each would "irrevocably" submit itself to the exclusive jurisdiction of those courts.  Ex. A ¶ 12(b).

14.  On October 16, 2013, Mr. Deussing resigned from Heidrick & Struggles, with his last day being the following day, October 17.  By that time, Mr. Deussing had accepted employment with Korn Ferry International, one of the Company's direct and primary competitors.

15.     Prior to his departure from the Company, Mr. Deussing deleted information from his Company laptop, which deletion resulted in the permanent deletion of certain Company records from the laptop and the network.

16.     It was only subsequent to Mr. Deussing's departure, in the process of transitioning ongoing work, that the Company ascertained that Mr. Deussing's emails of October 12 through October 17, 2013 had been deleted.  To date, even with the assistance of a computer forensic firm, the Company has not been able to restore or resurrect from back-up tapes or other sources any of the emails sent from or received by Mr. Deussing's Company email account for the period of October 12 through October 17, 2013.

17.     On October 24, 2013, Heidrick & Struggles sent a letter to Mr. Deussing, reminding him of his obligations under the CFAA and the Agreement and attempting to persuade Mr. Deussing to assist the Company in recovering data lost due to Mr. Deussing's destruction of Company's business records.  Heidrick & Struggles subsequently retained outside counsel, who also was involved in discussions with Mr. Deussing's counsel in an effort to negotiate a resolution.  Unfortunately, the parties were unable to reach a resolution to address the Company's concerns about the deleted business records.

18.     Heidrick & Struggles has incurred costs in excess of $5,000 in conducting damages assessments and in unsuccessful attempts to recover the deleted emails.  Further, there has been no accounting from Mr. Deussing as to the contents of the deleted emails.

## COUNT ONE

### Violation of the Computer Fraud and Abuse Act

19.     Plaintiff repeats and incorporates by reference paragraphs 1-18 of the Complaint as though fully set forth herein.

20. Plaintiff's computer system is a protected computer and network which is used across state lines in interstate commerce, has Internet access across state lines and was used by Mr. Deussing to permanently delete Company business records.

21. Plaintiff did not authorize Mr. Deussing to access the Company's computer systems, access its computerized information and access its software for the purpose of deleting Plaintiff's business records.

22. By deleting electronics files from the Heidrick & Struggles computer provided for his work, Mr. Deussing intentionally accessed a protected computer without authorization. As a result of such conduct, and in violation of 18 U.S.C. § 1030(a)(5)(C), Mr. Deussing caused damages and losses to Plaintiff of at least $5,000 in value, and in a specific amount to be determined at trial.

## COUNT TWO

### Breach of Contract

23. Heidrick & Struggles repeats and realleges each and every allegation contained in Paragraphs 1 through 22 above as though fully set forth herein.

24. Pursuant the Agreement, Mr. Deussing was required, upon termination, to "return to the Company, all Company property," including all materials furnished to Mr. Deussing during his employment and all materials that Mr. Deussing created during his employment.

25. Mr. Deussing has breached the Agreement by deleting and failing to return to the Company electronic records belonging to the Company.

26. As a result of Mr. Deussing's breach of the Agreement, Heidrick & Struggles has suffered damages, including the expenditure of time and in excess of $5,000 in costs in

attempting to recover the deleted records, and lost the benefit of the bargain explicit in the Agreement with Mr. Deussing.

27. Accordingly, due Mr. Deussing's breach of his covenant to return company property, Heidrick & Struggles is entitled to actual damages in an amount to be determined at trial, including but not limited to, the costs of conducting a damage assessment and attempting to restore the records that Mr. Deussing deleted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

1. That this Court enter judgment in Plaintiff's favor and against Defendant in an amount equal to Plaintiff's damages as determined by the Court;

2. That Plaintiff recover its reasonable attorneys' fees, interest, and costs; and

3. That Plaintiff be granted such other and further relief as this Court deems just and appropriate.

Dated: January 17, 2014
       New York, New York

JONES DAY

By: _____
    Terri L. Chase (TC 9091)
    222 East 41st Street
    New York, New York 10017
    Tel. (212) 326-8386
    Fax. (212) 755-7306
    tlchase@jonesday.com

    *Attorneys for Plaintiff*
    Heidrick & Struggles International, Inc..

NYI-4563086v3